UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

COURTNEY CURRY ET AL          CIVIL ACTION NO. 25-cv-1566

VERSUS          JUDGE EDWARDS

PREMIER ENTERTAINMENT SHREVEPORT          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Four individual plaintiffs filed suit in a Louisiana state court. They asserted in their state court petition and in their diversity jurisdiction disclosure statement (Doc. 15) that three of them are citizens of Texas and one of them is a citizen of Arkansas. The suit named two defendants, Premier Entertainment Shreveport, LLC and Schindler Elevator Corporation. Premier removed the case based on an assertion of diversity jurisdiction. Schindler has filed a Diversity Jurisdiction Disclosure Statement (Doc. 8) that states it is a Delaware corporation with its principal place of business in New Jersey, which makes it a citizen of those two states. 28 U.S.C. § 1332(c)(1).

Premier alleged its citizenship in its notice of removal. The court issued a memorandum order (Doc. 10) that explained that its allegations were insufficient. The citizenship of an LLC is determined by the citizenship of all of its members, and if those members are themselves entities such as an LLC or partnership, their citizenship must be alleged in accordance with the applicable rules through however many layers of members or partners there may be.

Premier responded by filing an Amended Diversity Jurisdiction Disclosure Statement (Doc. 11) that stated that its sole member is Premier Entertainment Louisiana I, LLC, whose sole member is Bally's Management Group, LLC, whose sole member is Bally's Corporation, which is a Delaware corporation with its principal place of business in Rhode Island.  If that is correct, then Premier would be a citizen of Delaware and Rhode Island.

Confusion about Premier's citizenship crept in, however, when it filed its corporate disclosure statement (Doc. 12) and alleged that its sole member is Premier Entertainment Louisiana, LLC (no I in the name).  The rest of the allegations about membership are the same, but the missing I in the name of the company identified in the corporate disclosure statement has caused Plaintiffs to point out that Premier's membership is not clear.  Plaintiffs also point to Premier's filings with the Louisiana Secretary of State that indicate there were at one time two members of Premier: Premier Entertainment Louisiana I, LLC and Premier Entertainment Louisiana II, LLC.  The records indicate a history of mergers and perhaps other changes.  Premier contends that Plaintiffs' concerns are easily resolved by a complete reading of Premier's pleadings, but Premier does not explain how its conflicting statements are to be resolved.

Filings with the secretary of state may indicate the membership of an entity at the time of that filing, but subsequent changes to the membership need not be recorded with the secretary of state.  Thus, it is impossible to determine with any certainty the current membership of an LLC by merely reviewing the secretary of state's records.  And it is important, particularly in removed cases, to know the membership/citizenship of an LLC

at the relevant times. "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

In order to resolve any questions about whether there is diversity of citizenship in this case, Premier Entertainment Shreveport, LLC is ordered to file another **Amended Diversity Jurisdiction Disclosure Statement** that specifically identifies its member(s) both (1) on the date Plaintiffs filed their petition in state court (January 7, 2025) and (2) the date this civil action was removed (October 17, 2025) and alleges its citizenship in accordance with the applicable rules. The amended statement must include a verification, either sworn under oath or executed in compliance with 28 U.S.C. § 1746, by a manager or other company official with personal knowledge of the membership of Premier at the relevant times. The deadline for compliance with this order is **December 23, 2025**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of December, 2025.

Mark L. Hornsby
U.S. Magistrate Judge